**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General



STATE OF COLORADO
DEPARTMENT OF LAW

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Business and Licensing Section**

July 31, 2023

**VIA CM/ECF**

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:  *Chiles v. Salazar*, Case Nos. 22-1445, 23-1002

Dear Mr. Wolpert:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write to respond to Ms. Chiles' notice of supplemental authority. The Supreme Court's opinion in *303 Creative v. Elenis*, 143 S. Ct. 2298 (2023), does not apply here.

Federal Rule of Appellate Procedure 28(j) requires plaintiff to refer to a page of the brief to which the authority is relevant. Ms. Chiles has provided no such reference, essentially contending that the Supreme Court's opinion has atmospheric bearing on this case. It does not.

*303 Creative* held that, in the specific context of a website designer's pre-enforcement challenge to Colorado's public accommodations law, the

law could not be applied to require that designer to provide custom wedding website designs to same-sex couples. Relying heavily on the parties' fact-specific stipulations and the designer's insistence that Colorado's law would compel her to speak against her will, the Supreme Court concluded in that narrow scenario that the designer's services were protected speech and that requiring her to provide websites would unconstitutionally compel her speech. 143 S. Ct. at 2313.

But Ms. Chiles is not a website designer who offers her services for sale to the public – she is a professionally licensed mental health professional who provides therapeutic treatment to patients. The statute at issue regulates her speech only incidentally to her professional conduct and is thus only subject to rational basis review, which it can survive, along with any other level of scrutiny. And the parties here have not entered into any fact-specific stipulations regarding Ms. Chiles' therapeutic practice. Nor has Ms. Chiles argued that Colorado's conversion therapy law compels her to speak. Quite the opposite – Ms. Chiles claims that Colorado's conversion therapy law *prohibits* her speaking. *See* Opening Brief, 27-33.

The State reiterates its request for the Court to affirm the District Court's denial of Ms. Chiles' motion for injunctive relief.

Sincerely,

FOR THE ATTORNEY GENERAL

<u>s/ Bianca E. Miyata</u>
Shannon Wells Stevenson*
Solicitor General
Helen Norton*
Deputy Solicitor General
Robert Finke*
First Assistant Attorney General
Bianca E. Miyata*
Janna K. Fischer*
Assistant Solicitors General
Abby Chestnut*
Brianna S. Tancher*
Assistant Attorneys General
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6651
Email: bianca.miyata@coag.gov