

**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

Business and Licensing Section

February 9, 2023

**VIA CM/ECF**

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE: *Chiles v. Salazar*, Case Nos. 22-1445, 23-1002

Dear Mr. Wolpert,

Pursuant to Federal Rule of Appellate Procedure 28(j), we provide this single response to Appellant's two separate notices of supplemental authority to explain why neither of the decisions by Appellant—district court decisions in Indiana and North Carolina involving "death doulas" and engineers—has any relevance to this case.[1]

To date, the Supreme Court has discussed the First Amendment implications of a state's regulation of professional conduct only in the contexts of health care and law. *See National Institute of Family and Life Advocates v. Becerra*, 138 S. Ct. 2361, 2368-69, 2371-74 (2018); *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456-60 (1978).

In both settings, practitioners engage in professional conduct when they provide knowledge-based treatment or representation to their clients in fiduciary relationships of trust and dependence. And within

---

[1] *Richwine v. Matuszak*, 2023 WL 8747471 (N.D. Ind. Dec. 19, 2023); *Nutt v. Ritter*, 2023 WL 9067799 (E.D.N.C. Dec. 20, 2023). Neither of those notices refers "either to the page of the brief or to a point argued orally" as required by Federal Rule of Appellate Procedure 28(j).

these settings, the Court "has upheld regulations of professional conduct that incidentally burden speech." *NIFLA,* 138 S. Ct. at 2373. States reasonably regulate professional conduct, for example, when they impose malpractice liability on providers whose treatment or representation of their clients deviates from the standard of care or practice expected of them. *See id.* Such malpractice liability often turns on what such professionals say or do not say.

The First Amendment does not relieve health professionals or lawyers from their responsibility to provide treatment or representation consistent with the standards of care or practice required of their disciplines—even when that treatment or representation involves the spoken or written word, as it so often does.[2]

The Law at issue in this case regulates exactly that professional conduct by prohibiting health care professionals from treating their clients in an unsafe and ineffective manner that violates their discipline's knowledge-based standard of care.

To be sure, not everything a health care professional or a lawyer does, or says, is professional conduct for First Amendment purposes. Consider their speech to their clients that is *not* part of their treatment or representation of those clients. The law at issue in *NIFLA,* for example, did not involve professional conduct because it did not regulate health care professionals' treatment of their clients but instead required those professionals to disclose the availability of *other providers'* services. *NIFLA,* 138 S. Ct. at 2369. Nor does a health care professional or lawyer engage in professional conduct for First Amendment purposes when they share their knowledge with others *outside* of a fiduciary relationship. The law at issue in *Holder v. Humanitarian Law Project,* 561 U.S. 1 (2010), for instance, did not regulate lawyers' representation of their clients but instead prohibited *anyone* from providing material support to organizations designated as terrorist. *Id.* at 7, 22-23.

---

[2] Mental health professionals like Appellant, for example, are authorized to provide a range of treatments to their clients, including psychotherapy, counseling, assessment, and diagnosis, among others. *See* Colo. Rev. Stat. § 12-245-603 (2023); § 12-245-202(14)(a) (2023).

The Supreme Court has yet to consider if, or under what circumstances, practitioners in fields other than law or health care engage in professional conduct for First Amendment purposes. In any event, whether death doulas engage in professional conduct when they offer advice to those planning for death, or whether engineers engage in professional conduct when they provide expert testimony and reports, is irrelevant to this case involving the regulation of health care professionals' treatment of their clients consistent with the standards of care required by their discipline.

The State reiterates its request that the Court affirm the District Court's denial of Ms. Chiles' motion for injunctive relief.

Sincerely,

FOR THE ATTORNEY GENERAL
*s/ Helen Norton*
Helen Norton\*
Deputy Solicitor General
Shannon Wells Stevenson\*
Solicitor General
Robert Finke\*
First Assistant Attorney General
Bianca E. Miyata\*
Janna K. Fischer\*
Assistant Solicitors General
Abby Chestnut\*
Brianna S. Tancher\*
Assistant Attorneys General
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6651
Email: helen.norton@coag.gov
\*Counsel of Record
Attorneys for Defendants-Appellees/
Cross-Appellants